IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TYRONE HALL,<br><br>   Petitioner,<br><br>   v.<br><br>PATRICIA CUSHWA and<br>CARLOS BIVENS,<br><br>   Respondents. | Civil Action No.: JRR-23-1468 |

**MEMORANDUM OPINION**

    Tyrone Hall, a Maryland prisoner incarcerated at Roxbury Correctional Institution ("RCI"), filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Hall raises one ground for relief, alleging that the United States Parole Commission ("USPC") violated his constitutional right to Due Process by failing to give him a prompt hearing on a warrant issued in 2005. ECF No. 1 at 2. As Respondents, Hall names Patricia Cushwa, the Chairperson of the USPC, and Carlos Bivens, the Warden of RCI. As relief, he seeks an order directing the USPC to "cancel its warrant for parole violation" against him, and "directing the authorities at [RCI] to withdraw that warrant from" his files. *Id.* at 3.

    Pursuant to the Court's Order directing Respondents to file a response to the Petition (ECF No. 3), Respondent Patricia Cushwa filed a Motion to Dismiss, or in the alternative, for Summary Judgment.[1] ECF No. 6. Hall was advised of his right to reply (ECF No. 7), and indeed did so on August 25, 2023. ECF No. 8.

    Having reviewed the papers, and finding no hearing necessary, *see* Md. Loc. R. 105.6 (D.

---

[1] The Court's Order was not sent to the Maryland Office of the Attorney General, who would typically represent the Warden of RCI, Carlos Bivens. However, for the reasons stated below, the Petition will be denied and thus the oversight need not be corrected.

Md. 2023), the Court grants Respondent Cushwa's Motion to Dismiss, or in the alternative for Summary Judgment, and denies the petition for writ of habeas corpus.

**I.      Background**

Hall's Petition alleges that he was arrested May 8, 1992 in Washington, D.C. and was thereafter convicted of armed robbery, for which he was sentenced to 12 to 36 years' incarceration. ECF No. 1 at 1-2.  He was paroled in May 2002.  *Id.* at 2.  While on parole, Hall was arrested on December 14, 2005, and subsequently convicted and sentenced to 50 years' incarceration for second-degree murder and handgun offenses.  *Id.*  The U.S. Parole Commission ("USPC") then issued a warrant for violation of parole in December 2005 and "lodged it as a detainer."  *Id.*  To date, Hall states that "[t]he [USPC] has not provided Plaintiff with a copy of the Parole Violation Warrant; notice of the allegations of the parole violation; or a preliminary hearing."  *Id.*  He argues that "[t]he [USPC] is aware that Plaintiff has been incarcerated since 2005, and the parole violation warrant is over 18 years old, which violates Plaintiff's right to due process."  *Id.*  He further argues that the outstanding warrant places "adverse conditions on Plaintiff's liberty, where as he can not participate in certain programs that will reduce his time, lower his custody, and not participate in work release."  *Id.* at 3.  As relief, he seeks an Order directing the [USPC] to "cancel its warrant for parole violation" against him, and "directing the authorities at [RCI] to withdraw that warrant from" his files.  Id. at 3.

In response, Respondent Cushwa puts forth the following facts.  On March 10, 1993, the D.C. Superior Court sentenced Petitioner to 12 to 36 years in prison for armed robbery and unauthorized use of a vehicle.  ECF No. 6-2 at 2.  On May 10, 2002, the USPC granted parole and Hall was released with a sentence expiration date of May 8, 2028.  ECF No. 6-3 (Certificate of Parole).  However, after Hall acquired new criminal charges, the USPC issued a warrant on January 3, 2006 against Hall for violating the conditions of parole. ECF No. 6-4 (Warrant and Warrant

Application).  The warrant was sent to the U.S. Marshals Service with the following instructions: "The parolee is awaiting trial or sentencing on new charges; place a detainer and assume custody when released." *Id.* at 2.  On March 22, 2007, the USPC supplemented its warrant with the information that Hall had been convicted of second-degree murder and use of a handgun in the commission of a felony by the Circuit Court for Prince George's County, Maryland, and sentenced to consecutive terms of 30 years and 20 years in prison.  *Id.* at 6.

On May 9, 2023, the USPC withdrew the warrant it had issued, removing the detainer placed with the Maryland Department of Corrections.  ECF No. 6-5 (USPC Notice of Action).  This action, from the USPC to RCI, states "[w]ithdraw warrant dated January 3, 2006 conditioned upon full execution of current sentence.  Warrant to be reissued if sentence is vacated or modified."  *Id.* at 2.

Based on the forgoing, Respondent Cushwa makes two arguments.  ECF 6-1.  First, that the Petition should be dismissed against Cushwa and USPC because the Court lacks jurisdiction over the USPC, and second, that the Petition is rendered moot because USPC has withdrawn the warrant.  *Id.* at 5-8.  Hall replied to the Motion to Dismiss, or in the alternative, for Summary Judgment.  ECF No. 8.  In his verified Reply,[2] he argues that both Respondents are "properly named in this action" and that the "court has jurisdiction because Petitioner is incarcerated in the State of Maryland."  *Id.* at 1.  He further states the USPC's assertion that the detainer has been withdrawn is incorrect, as it "is still in Petitioner's file" at RCI.  *Id.*  This was confirmed on August 18, 2023, when Hall was provided with a copy of the detainer by his case manager, "Mrs. Hudson." *Id.* at 2.  Hall includes as an exhibit a copy of the detainer provided by Mrs. Hudson.  *See* ECF 8-1.  This exhibit is dated February 15, 2006, and was sent to the Prince George's County Detention

---

[2] Hall includes a declaration under penalty of perjury that the information in his Reply is true and correct. *See* ECF No. 8 at 2.

Center. *Id.* at 1. It contains a copy of the original warrant application dated January 3, 2006. *Id.* at 2-3; *see also* ECF No. 6-4 at 3-4.

**II.      Standards of Review**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from

proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

**III.   Discussion**

A case becomes moot when issues presented are no longer live controversies or if parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1984). Therefore, a case becomes moot when there is no viable legal issue left to resolve. *See Powell v. McCormick*, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 698–699 (3d Cir. 1996). Mootness, a doctrine of standing, may occur at any stage of a federal judicial proceeding when there is no longer a case or controversy as required by Article III, § 2, of the Constitution. Standing requires that the petitioner maintain a personal interest at the commencement of litigation and throughout the entirety of the action, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); the parties must have a personal stake in the outcome of a lawsuit at all stages of the proceeding, *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." *Spencer*, 523 U.S. at 7. If a case becomes moot, the lack of a case or controversy requires this court to dismiss the case for lack of jurisdiction. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

Here, the case is moot because the relief Hall seeks has already been provided, and thus this Court is unable to grant the relief requested. Specifically, through this Petition, Hall seeks an order directing the U.S. Parole Commission to "cancel its warrant for parole violation" against him, and "directing the authorities at [RCI] to withdraw that warrant from" his files. *Id.* at 3. Respondent Cushwa has provided evidence that the warrant against Hall was withdrawn by the

5

USPC on May 9, 2023, obviating any need to lift the detainer. ECF No. 6-5 at 2. The USPC's Notice of Action is clear that, so long as Hall fully executes his current sentence, the warrant is withdrawn and the detainer is no longer valid. *Id.* The instructions request that the "unexecuted warrant" be returned to the "Parole Commission as soon as possible." *Id.* Thus, the relief Hall seeks through this Petition has been provided, and the original controversy underlying this case is moot.

In his opposition, Hall argues that the detainer has not been withdrawn because it "is still in Petitioner's file" at RCI. ECF No. 8. This was confirmed to Hall on August 18, 2023, when his case manager, "Mrs. Hudson," showed him a copy of the detainer. *Id.* at 2. Hall includes as an exhibit a copy of the detainer provided by Mrs. Hudson. *See* ECF 8-1. This Exhibit is dated February 15, 2006, and it contains a copy of the original warrant application dated January 3, 2006. *Id.* at 2-3; *see also* ECF No. 6-4 at 3-4. Thus, this copy maintained in Hall's file appears to be outdated, because the January 3, 2006 warrant is precisely what was cancelled by USPC on May 9, 2023. *See* ECF No. 6-5.

To the extent Hall seeks to compel RCI, Mrs. Hudson, or any other "authorities at [RCI] to withdraw that warrant from" his files (ECF No. 1 at 3), this request sounds in mandamus. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over State employees, such as the RCI Respondent in this case. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the Court cannot compel the Warden of RCI to update Hall's file. To the extent it may assist Hall, the Court will direct the Clerk to provide Hall with an additional copy of the USPC's Notice of Action (ECF No. 6-5) cancelling the warrant such that Hall may share it with the appropriate parties at RCI.

Finally, the Court notes that the USPC's Notice of Action cancelling the warrant against Hall contains a caveat; namely, that the warrant is "conditioned upon full execution of current sentence" and is to be "reissued if sentence is vacated or modified." ECF No. 6-5. This hypothetical situation is not yet ripe for judicial review. *See Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–149 (1967)) ("Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'"). With today's decision, the Court does not forclose the possibility that Hall may have legitimate claims to raise in the future should the warrant be reinstated.

## IV.  Certificate of Appealability

When this Court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Hall fails to meet this standard and a Certificate of Appealability shall not issue.

## V.  Conclusion

The relief Hall seeks through his Petition has been awarded, or is unavailable from this Court, thus rendering this Petition moot. Accordingly, the Court denies Hall's request for habeas relief. Respondent Cushwa's motion to dismiss, or in the alternative for summary judgment (ECF No. 6), will be granted. A Certificate of Appealability shall not issue.

A separate Order follows.

__10.3.2023_____  
Date

_____/S/_____  
Julie R. Rubin  
United States District Judge